UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EARLY CONEY,

    Plaintiff,

v.                                                       Case No: 8:22-cv-64-CEH-AAS

C. ANDERSON,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Defendant Trooper Anderson's Motion to Stay Proceedings and Motion for Enlargement of Time to File Response (Doc. 9). In the motion, Trooper Anderson requests the Court enter a stay of this action pending the outcome of Earl Coney's pending related state court criminal case, *State of Florida v. Early Coney, Jr.*; Thirteenth Judicial Circuit, Hillsborough County, Florida, Case No. 21-CF-14710. Trooper Anderson also requests an extension of time to respond to Plaintiff's Complaint. Plaintiff opposes the motion. *See* Doc. 11. The Court, having considered the motion and being fully advised in the premises, will grant Defendant Trooper Anderson's Motion to Stay and Motion for Enlargement of Time to File Response.

## DISCUSSION

Plaintiff Early Coney, proceeding *pro se*, initiated this action against Defendant Trooper C. Anderson on December 7, 2021, in state court alleging claims for violation

of his First, Fourth, Fifth, Sixth, and Eighth Amendment rights. Doc. 1-1. The claims arise out of an incident occurring on November 30, 2021, in which Plaintiff was involved in a motor vehicle accident. Trooper Anderson came to the scene and investigated the crash. Plaintiff claims Trooper Anderson searched his car without consent and in violation of his Constitutional rights. Doc. 1-1 at 7.

Trooper Anderson removed the case from state court to federal court on January 7, 2022. Doc. 1. On January 28, 2022, Trooper Anderson filed the instant motion to stay requesting this action be stayed during the pendency of the related criminal action in which Coney has been charged in state court with four felony counts including false or fraudulent proof of motor vehicle insurance, selling or possessing a vehicle with altered tags, grand theft, and resisting an officer with violence. Doc. 9 ¶ 2. According to Trooper Anderson, Coney pleaded not guilty to the criminal charges and discovery in the criminal case is proceeding. Trooper Anderson attaches to his motion a copy of the state court criminal docket. Doc. 9-1. Trooper Anderson indicates in his motion that he is a witness in the criminal case.

Coney alleges in this action that Anderson illegally searched and seized Plaintiff's vehicle. Because Coney may invoke his Fifth Amendment privilege against self-incrimination in these proceedings and because Trooper Anderson may invoke the Law Enforcement privilege, which protects documents relating to criminal investigations, Trooper Anderson urges a stay is warranted to avoid hardship and prejudice and to preserve judicial resources. Plaintiff opposes the stay and the

requested extension of time for Trooper Anderson to respond to the Complaint, but he does not provide any factual or legal basis to support his opposition. Doc. 11.

"[T]he fifth amendment privilege against self-incrimination permits a person 'not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.'" *Erwin v. Price*, 778 F.2d 668, 669 (11th Cir. 1985) (quoting *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973)). However, a "blanket assertion" of the Fifth Amendment privilege against self-incrimination is not a sole basis to support the issuance of a stay. *See United States v. Lot 5, Fox Grove, Alachua Cty., Fla.*, 23 F.3d 359, 364 (11th Cir. 1994); *see also S.E.C. v. Wright*, 261 F. App'x 259, 262–63 (11th Cir. 2008) (holding a district court's issuance of a stay pending the resolution of related proceedings in another forum is reviewed for abuse of discretion). A court must stay civil proceedings pending resolution of a related criminal proceeding when "special circumstances so require in the interest of justice." *Lot 5, Fox Grove*, 23 F.3d at 364 (internal quotation marks and citation omitted).

Although the Constitution does not require a stay of these civil proceedings pending the outcome of the related criminal matter, the Court, in exercising its discretion, finds that a stay is warranted in the interests of judicial efficiency and economy. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) (finding a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket"). Due to the considerable overlap in the issues involved in the criminal and civil cases, the fact that Trooper Anderson is a witness in the criminal case, the

3

potential for the invocation of the Fifth Amendment privilege by Plaintiff, likelihood of the invocation of the Law Enforcement investigatory privilege by Trooper Anderson, and the inevitable delay in the progress of discovery in this civil case due to invocation of such privileges, the Court concludes a stay is appropriate in these circumstances. *See Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)[1] ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit."). Accordingly, it is

    **ORDERED**:

    1.    Trooper Anderson's Motion to Stay Proceedings and Motion for Enlargement of Time to File Response (Doc. 9) is **GRANTED**.

    2.    This case is **STAYED** pending further order of Court.

    3.    Defendant Trooper Anderson shall file his response to the Plaintiff's Complaint within 20 days of the Court lifting the stay.

    4.    The Clerk is directed to terminate any pending deadlines and motions and **ADMINISTRATIVELY CLOSE** this case.

    5.    The parties are directed to file a status report on or before **June 9, 2022** and every four months thereafter, until the conclusion of the criminal proceedings.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

6.  For good cause, any party may move to re-open this case at any time.

**DONE AND ORDERED** in Tampa, Florida on February 9, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Early Coney, *pro se*