## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

EARLY CONEY,

 Plaintiff,

v.             Case No: 8:22-cv-64-CEH-AAS

C. ANDERSON,

 Defendant.

_____

## ORDER

This matter is before the Court on periodic review. Because Plaintiff Early Coney has failed to respond to the Court's Order to Show Cause (Doc. 28), failed to timely file a notice as to his intention to pursue this civil action, and otherwise failed to prosecute his case, this action is due to be dismissed.

## DISCUSSION

A district court may dismiss a plaintiff's claims pursuant to Rule 41(b) or the court's inherent authority to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss this action or any claim against it." Fed. R. Civ. P. 41(b). The Eleventh Circuit has recognized that a district court may dismiss an action *sua sponte* for the plaintiff's failure to prosecute his case or obey a court order under Rule 41(b). *Betty K Agencies, Ltd.*, 432 F.3d at 1337. Additionally, this Court's Local Rules provide that a

plaintiff's failure to prosecute his case diligently can result in dismissal. *See* M.D. Fla. Local Rule 3.10.

Plaintiff, Early Coney, proceeding *pro se*, initiated this action in state court in December 2021, by filing a complaint under 42 U.S.C. § 1983 seeking damages against Florida Highway Patrol Officer C. Anderson for alleged constitutional violations arising out of an unauthorized search of his vehicle. Doc. 1-1. Defendant Anderson removed the case to this Court on January 7, 2022. Doc. 1. On January 11, 2021, Defendant Anderson filed a Notice of a Related Action (Doc. 6) which identified the criminal case of *State of Florida v. Early Coney, Jr.*; Thirteenth Judicial Circuit, Hillsborough County, Florida Case No. 21-CF-14710 (the "Criminal Case"). The Criminal Case stems from the events of November 30 and December 3, 2021, which are also the subject of Plaintiff's Complaint in this action. *See* Docs. 1-2, 9-1.

On January 28, 2022, Defendant Anderson moved to stay this civil action because the pending criminal case is inextricably tied to this case, which the Court granted. Docs. 9, 12. Due to the considerable overlap in the issues involved in the criminal and civil cases, the fact that Trooper Anderson is a witness in the criminal case, the potential for the invocation of the Fifth Amendment privilege by Plaintiff, likelihood of the invocation of the Law Enforcement investigatory privilege by Trooper Anderson, and the inevitable delay in the progress of discovery in this civil case due to invocation of such privileges, the Court stayed the case. Doc. 12 at 3–4. The case was administratively closed, and the parties were directed to file status reports

until the conclusion of the criminal proceedings. The Court indicated that either party could move to re-open the case at any time. *Id.* at 5.

Defendant Anderson filed status reports on June 21, 2022; November 30, 2022; February 28, 2023; June 13, 2023; October 13, 2024; February 16, 2024; and June 28, 2024, indicating that the criminal case was ongoing. In a status report filed May 8, 2025, the report indicates that Coney was incarcerated at the Hillsborough County Jail, and in a conferral call, Coney indicated he was unsure if he intended to proceed with this civil litigation but agreed the stay could be lifted. Doc. 24.

The Court issued an order on November 7, 2025, lifting the stay of this case and directing Plaintiff Early Coney to file a written notice with the Court within 60 days advising as to whether he intends to continue pursuing this civil action. Doc. 25 at 2. The Court cautioned Plaintiff that a "[f]ailure to file a Notice within the time permitted will result in the action being dismissed without prejudice and without further notice." *Id.* The Clerk was directed to mail the Order to Plaintiff's post office box address listed on the docket, as well to Plaintiff at the Hillsborough County Jail. *Id.*

More than 60 days passed, but Plaintiff Early Coney did not file a Notice with the Court, did not timely comply with the Court's Order, and did not otherwise seek an extension of time to do so. Accordingly, the Court issued an Order to Show Cause directing Plaintiff to file a written response within twenty-one days, as to why his action should not be dismissed for lack of prosecution.[1] Doc. 28. Plaintiff was

---

[1] Review of the docket reveals that the Court's Orders (Docs. 25, 28) to Coney were returned as undeliverable with no change of address information provided. *See* Docs. 26, 27, 29. It is

cautioned that a failure to timely respond will result in this action being dismissed without prejudice and without further notice. "A plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." M.D. Fla. Local Rule 3.10. Plaintiff did not respond to the Court's Order to Show Cause, did not seek an extension of time to do so, nor has he otherwise demonstrated due diligence or just cause for the delay in prosecuting his case. Accordingly, this action will be dismissed for lack of prosecution. It is hereby

**ORDERED:**

1.    This action is **DISMISSED without prejudice**.

2.    The Clerk is directed to terminate any pending motions and deadlines and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on March 20, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Early Coney, *pro se*
Counsel of Record

---

Plaintiff's obligation to keep his contact information current with the Court. *See, e.g.*, Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented . . . [and] must state the signer's address, e-mail address, and telephone number.").

4